**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHAMAR BRADLEY,
          Appellant,

     v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBERS
DC-315H-21-0541-I-1
DC-3443-22-0094-I-1
DC-3443-22-0065-I-1

DATE: JULY 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shamar Bradley, Helotes, Texas, pro se.

Jason B. Smith and Matthew B. Hawkins, Esquire, Dahlgren, Virginia, for
    the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of three initial decisions, which dismissed his appeals of various agency actions, including a probationary termination, a transfer to another office, a denial of his request to accrue credit hours, an assignment of a peer mentor within his chain of command, a denial of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his request for a meeting with a superior, and a rescission of his job offer, for lack of jurisdiction.[2]  On review, the appellant argues that his probationary termination was based on preappointment reasons because the agency falsified his preappointment documents, such as his position description addendum and his educational record, and the Board thus has jurisdiction.  He also argues, among other things, the agency's rescission of its job offer was a suitability action, the agency violated an employment practice when it falsified his position description, and the agency retaliated against him for his claims of whistleblower reprisal.[3]

_____

[2] In *Bradley v. Department of the Navy*, MSPB Docket No. DC-315H-21-0541-I-1, the appellant challenges a probationary termination.  In *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0094-I-1, he challenges a transfer to another office, a denial of his request to accrue credit hours, an assignment of a peer mentor within his chain of command, and a denial of his request for a meeting with a superior.  In *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0065-I-1, he challenges a rescission of a job offer.  Although the three appeals were adjudicated separately below, we JOIN the three appeals on review because the facts are interrelated and joinder will expedite processing without adversely affecting the interests of the parties.  *See* 5 C.F.R. § 1201.36(b).  Regarding the appellant's termination during his probationary period, at the time of the appellant's appointment on March 1, 2021, individuals appointed to a permanent competitive-service position in the Department of Defense (DOD), such as the appellant, were subject to a 2-year probationary period and only qualified as "employees" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) if they completed 2 years of current continuous service.  10 U.S.C. § 1599e(a), (b)(1)(A), (d) (2016).  The appellant had not yet completed a 2-year probationary period or 2 years of current continuous service in his competitive-service position when the agency terminated his employment on June 21, 2021.  *Bradley v. Department of the Navy*, MSPB Docket No. DC-315H-21-0541-I-1, Initial Appeal File (0541 IAF), Tab 1 at 1, 7-11.  On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541.  The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022.  Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.  That change would not affect the outcome of the probationary termination appeal.

[3] In his reply to the agency's response to his petition for review in the probationary termination appeal, the appellant claims that the administrative judge did not provide him with clear notice that he could file an individual right of action (IRA) appeal or how to make a prima facie showing of jurisdiction. *Bradley v. Department of the Navy*, MSPB Docket No. DC-315H-21-0541-I-1, Petition for Review (0541 PFR) File, Tab 8 at 8, 10.  The appellant's reply to the agency's response to the petition for review is untimely filed, and thus the Board need not consider it.  0541 PFR File, Tabs 2-3, 6, 8.  Moreover, the appellant's claim of deficient notice in his probationary termination

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review[4] and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

---

appeal is unavailing because the administrative judge set forth the relevant standards for establishing Board jurisdiction over an IRA appeal in a jurisdictional order and the initial decision. 0541 IAF, Tab 14 at 4-5, Tab 18, Initial Decision at 7-8. Likewise, in the other two appeals, the appellant was on notice of the requirement to exhaust his administrative remedies before the Office of Special Counsel and he did not allege or provide any evidence that he met that requirement. *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0065-I-1, Initial Appeal File, Tab 8 at 8, Tab 10 at 4-5, Tab 23, Initial Decision at 10-11; *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0094-I-1, Initial Appeal File, Tab 6 at 3-4, Tab 16, Initial Decision at 5-6.

[4] With his petition for review in the probationary termination appeal, the appellant provides his position description addendum and February 10, 2021 emails noting the agency's maximum telework status and setting his start date. 0541 PFR File, Tab 1 at 34-39. He provides the same position description addendum with his petitions for review in the other two appeals. *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0065-I-1, Petition for Review File, Tab 1 at 10-13; *Bradley v. Department of the Navy*, MSPB Docket No. DC-3443-22-0094-I-1, Petition for Review File, Tab 1 at 10-13. In the three appeals, the position description addendum was already in the record and is not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The appellant does not explain how the February 10, 2021 emails relate to the jurisdictional issue before the Board on review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  In his petition for review in the probationary termination appeal, the appellant also asserts that he has new evidence in the form of multiple criminal and civil complaints he has filed against the agency.  0541 PFR File, Tab 1 at 5.  He does not provide evidence to support his claim and does not explain how the criminal and civil complaints would establish Board jurisdiction.  *See Russo*, 3 M.S.P.R. at 349.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.